JOANNA E. MURPHY, RELATOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, FRANK HAGUE, MICHAEL I. FAGAN, WILLIAM B. QUINN, ARTHUR POTTERTON AND JOHN J. BEGGANS, BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, AND EDWARD SPOERER, SUPERINTENDENT OF BUILDINGS OF JERSEY CITY, RESPONDENTS.

Submitted November 3, 1927—Decided May 16, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *L. Edward Herrman*.

For the respondents, *Thomas J. Brogan* and *Charles Hershenstein*.

PER CURIAM.

On June 28th, 1927, the relator (as stated in her brief) applied to the building inspector of the city of Jersey City for a permit for the erection of a one-story fireproof building, with partitions for individual garages, on property owned by her in Jersey City, described as lots 13 and 14 in city block 1965, and known as No. 320 Arlington avenue.

It is stipulated that the property in question is zoned for residential purposes by an ordinance of Jersey City (page 25), wherein and whereby it appears a private garage is permitted if it is not more than twenty-five feet in width or more than twenty feet in depth and eleven feet in height, and erected on the rear land of the lot to store the pleasure automobile for the accommodation of the owner or tenant residing on the property. It seems perfectly clear that the building proposed is in violation of the terms of the ordinance, notably in respect to the size of the building, which in the brief of the relator is stated to be forty feet in width and twenty feet in depth. The building inspector declined to issue a permit, whereupon the relator applied to the board of commissioners, and that board denied the application, after investigation and a finding that the proposed garages would increase the fire hazard, would be dangerous to children in the neighborhood, and detrimental to the health, welfare and public safety of the community at large.

Thereupon, in September, 1927, the relator obtained this rule to show cause why such permit should not be granted.

We think the writ must be denied.

The factual situation we think brings this case within our decision in *Koplin* v. *Village of South Orange*, 6 *N. J. Mis. R.* 489.

The result is that the rule to show cause in the present case will be discharged and the writ of *mandamus* denied accordingly.

Having reached the conclusion stated, we deem it important to all parties in interest to announce it promptly, and we do so in this somewhat informal manner in order to enable the relator to avail herself of the earliest possible opportunity for review, if review is desired. And if a review is desired the

relator is hereby given permission to enter a rule allowing and directing the molding of the pleadings so as to permit of such review.